# EXHIBIT A

MACON COUNTY ILLINOIS
1/5/2026 9:35 PM

SHERRY A. DOTY
CLERK OF THE CIRCUIT COURT

## IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL
## CIRCUIT MACON COUNTY, ILLINOIS

**LUCY CRAYCROFT,**

      **Plaintiff,**

      **vs.**

**HERITAGE BEHAVIORAL HEALTH
CENTER, INC.,**

      **Defendant.**

Case No. **2026LA2**

**JURY DEMAND**



## COMPLAINT

NOW COMES Plaintiff, LUCY CRAYCROFT ("Plaintiff"), by and through her attorneys, Bolen Robinson & Ellis, LLP, and for her Complaint against Defendant, HERITAGE BEHAVIORAL HEALTH CENTER, INC., states as follows:

## PARTIES

1.      Plaintiff, LUCY CRAYCROFT ("Plaintiff"), is an adult female, residing in the State of Illinois and at all times relevant to this Complaint was employed by Defendant Heritage Behavioral Health Center in Decatur, Illinois.

2.      Defendant HERITAGE BEHAVIORAL HEALTH CENTER, INC. ("Heritage" or "Defendant") is a corporation doing business in Decatur, Illinois.

3.      At all relevant times, Defendant Heritage was an employer within the meaning of the ADA, 42 U.S.C. § 12111(5) and the IHRA.

## JURISDICTION AND VENUE

4.      Jurisdiction of this Court is invoked pursuant to the concurrent jurisdiction of state courts over claims arising under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq.*

1

5.      Venue is proper in this Court pursuant to 735 ILCS 5/2-101 because a substantial part of the events or omissions giving rise to the claims occurred in Macon County, Illinois.

**<u>FACTUAL ALLEGATIONS COMMON TO ALL COUNTS</u>**

6.      Defendant Heritage hired Plaintiff on or around May 13, 2024, into the position of full-time salaried Crisis Clinician.

7.      Throughout her tenure, Plaintiff consistently met or exceeded performance expectations.

8.      In December 2024, Plaintiff was diagnosed with Stage 4 metastatic cancer with bone involvement.

9.      Despite this life-altering diagnosis, Plaintiff continued to perform her essential job duties and promptly disclosed her condition to Defendant.

10.     In or around January 2025, anticipating that chemotherapy would leave her immunocompromised and unable to safely enter hospitals, Plaintiff applied for an open remote call center position for which she was fully qualified.

11.     Plaintiff requested a reasonable accommodation regarding the start time for this position (4:00 p.m. rather than 3:00 p.m.).

12.     Defendant denied this position outright based solely on this one-hour difference, without making any effort to explore staggered hours or alternative arrangements.

13.     In February 2025, Plaintiff underwent surgery to stabilize a cancer-compromised femur and required a brief two-week recovery period.

14.     Upon her return to work in or around March 2025, Plaintiff reiterated her need for accommodation to avoid high-risk hospital environments due to her compromised immune system.

15.     Rather than accommodating her in her existing salaried role or a comparable position, Defendant offered a rigid schedule consisting of mandatory weekend work (Saturday and Sunday) and demoted her from a salaried position to an hourly wage.

16.     When Plaintiff requested flexibility regarding this drastic change, she was denied.

17.     These changes were a demotion and a material alteration of her employment terms, imposed shortly after she exercised her protected right to request accommodation.

18.     By refusing reasonable accommodations and offering only a demoted role with an untenable schedule, Defendant made Plaintiff's working conditions objectively intolerable, resulting in her constructive discharge.

19.     Plaintiff was forced to resign on or about May 29, 2025, to protect her health and well-being.

20.     Plaintiff has exhausted her administrative remedies having filed a Charge of Discrimination with the Illinois Department of Human Rights (IDHR Charge No. 2026SF0293) and the EEOC (EEOC Charge No. 21BA-2025-01471).

## COUNT I – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT DISCRIMINATION AND FAILURE TO PROVIDE REASONABLE ACCOMMODATION

21.     Plaintiff re-alleges and incorporates paragraphs 1 through 20 of this Complaint as fully set forth herein this Count I.

22.     Plaintiff had a disability (Stage 4 metastatic cancer) and was a qualified individual with a disability within the meaning of the ADA.

23.     Defendant Heritage constructively discharged Plaintiff in violation of the protections afforded to Plaintiff under the applicable provisions of the ADA in one or more of the following ways:

- Refused to offer Plaintiff reasonable accommodations as requested by Plaintiff, including but not limited to, a transfer to a remote call center position with a modified start time;

- Refused to offer Plaintiff reasonable accommodations regarding her schedule upon her return from surgery in March 2025;

- Failed to meet its obligations with respect to engaging in the reasonable accommodation interactive process with Plaintiff;

- Constructively discharged Plaintiff's position with Defendant by forcing her into a demoted, hourly, weekend-only role that was objectively intolerable given her medical condition.

24.    Defendant Heritage's reasons for its actions were pretext for discrimination based on Plaintiff's disability.

25.    Defendant Heritage constructively discharged Plaintiff due to her disability in violation of the applicable provisions of the ADA.

26.    Prior and up to May 29, 2025, Plaintiff had been performing all of the essential functions of her job and was meeting Defendant's legitimate business expectations.

27.    At the time of Plaintiff's constructive discharge on or about May 29, 2025, Plaintiff was capable of performing all of the essential functions of her job with reasonable accommodation by Defendant.

28.    Defendant further violated the ADA by retaliating against Plaintiff for requesting said accommodations. Specifically, Defendant demoted Plaintiff to an hourly wage and constructively discharged her in close temporal proximity to her protected requests.

29.     A causal connection exists between Plaintiff's protected activity and the adverse actions, as evidenced by the temporal proximity between her accommodation requests and the subsequent degradation of her employment status.

30.     Defendant Heritage's actions were intentional, willful, and done with reckless indifference to Plaintiff's protected rights.

31.     As a result of Defendant Heritage's actions in constructively discharging Plaintiff, Plaintiff has been damaged.

32.     Plaintiff's damages include but are not limited to, front pay, back pay, continued wage loss, loss of professional advancement (LCSW licensure), emotional suffering, attorney's fees and other compensatory damages.

33.      In addition, Plaintiff seeks punitive damages against Defendant Heritage for its reckless indifference to Plaintiff's rights.

**WHEREFORE**, Plaintiff prays this court find for Plaintiff and enter judgment against Defendant HERITAGE BEHAVIORAL HEALTH CENTER providing the following relief: A. Past, present, and future lost wages, salary, employment benefits, and/or other compensation denied or lost; B. Compensatory damages for emotional distress, anxiety, and loss of enjoyment of life; C. Pre-judgment and post-judgment interest; D. Reasonable attorney's fees, reasonable expert witness fees, and other costs of the action; and E. Such other and further relief as the court deems just and appropriate.

### COUNT II – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT – RETALIATION

34.     Plaintiff re-alleges and incorporates paragraphs 1 through 20 of this Complaint as fully set forth herein this Count II.

35.    Plaintiff engaged in the protected activity of requesting reasonable accommodations for her disability in January 2025 and March 2025.

36.    Defendant Heritage retaliated against Plaintiff for requesting an accommodation under the ADA in one or more of the following ways:

- Refused to transfer Plaintiff to an open position for which she was qualified;

- Demoted Plaintiff from a salaried position to an hourly wage shortly after her accommodation request;

- Imposed a rigid, untenable weekend-only schedule (8:00 a.m. to 8:00 p.m.) immediately following her request for flexibility;

- Constructively discharged Plaintiff by making her working conditions intolerable.

37.    A causal connection exists between Plaintiff's protected activity and the adverse actions, as evidenced by the temporal proximity between her accommodation requests and the subsequent degradation of her employment status.

38.    Defendant Heritage's actions were willful, wanton, intentional, malicious, and with reckless disregard for the effect on Plaintiff.

39.    As a result of Defendant Heritage's actions, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff prays this court find for Plaintiff and enter judgment against Defendant HERITAGE BEHAVIORAL HEALTH CENTER providing the following relief: A. Back pay and Front pay as alleged above; B. Reasonable attorney's fees and costs; and C. Such other and further relief as the court deems just and appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Pursuant to 735 ILCS 5/2-1105, Plaintiff **LUCY CRAYCROFT** demands trial by jury in this action of all issues so triable.

Plaintiff demands a trial by jury on all issues so triable.


                Respectfully submitted,


                Lucy Craycroft
                By:  BOLEN ROBINSON & ELLIS

                /s/ *McKensie N. Meadows*
                Matthew C. Spain – ARDC No. 6310217
                Email: mspain@brelaw.com
                McKensie N. Meadows – ARDC No. 6333509
                Email: mmeadows@brelaw.com
                BOLEN ROBINSON & ELLIS, LLP
                202 South Franklin, 2nd Floor
                Decatur, Illinois 62523
                Telephone:  217-429-4296
                Fax:  217-329-0034

7