**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

LUCY CRAYCROFT,                             )
                                            )
      *Plaintiff,*                        )
                                            )
v.                                          )          Case No. 26 CV 1333
                                            )
HERITAGE BEHAVIORAL HEALTH                  )
CENTER, INC.,                               )
                                            )
      *Defendant.*                        )
                                            )

**DEFENDANT HERITAGE BEHAVIORAL HEALTH CENTER, INC.'S
ANSWER TO COMPLAINT**

NOW COME Defendant, Heritage Behavioral Health Center, Inc. ("Defendants"), by and through their undersigned attorneys, Borkan & Scahill, Ltd., and for their answers to Plaintiff's Complaint, state as follows:

**PARTIES**

1.      Plaintiff, LUCY CRAYCROFT ("Plaintiff"), is an adult female, residing in the State of Illinois and at all times relevant to this Complaint was employed by Defendant Heritage Behavioral Health Center in Decatur, Illinois.

**ANSWER:**      **Upon information and believe, Defendant admits the allegations contained in paragraph 1.**

2.      Defendant HERITAGE BEHAVIORAL HEALTH CENTER, INC. ("Heritage" or "Defendant") is a corporation doing business in Decatur, Illinois.

**ANSWER:**      **Defendant admits the allegations contained in paragraph 2.**

3.      At all relevant times, Defendant Heritage was an employer within the meaning of the ADA, 42 U.S.C. § 12111(5) and the IHRA.

**ANSWER:**      **Upon information and believe, Defendant admits the allegations contained in paragraph 3.**

1

## JURISDICTION AND VENUE

4.       Jurisdiction of this Court is invoked pursuant to the concurrent jurisdiction of state courts over claims arising under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and the Illinois Human Rights Act, 775 ILCS 5/1-101 et seq.

**ANSWER:       Defendant admits the allegations contained in paragraph 4.**

5.       Venue is proper in this Court pursuant to 735 ILCS 5/2-101 because a substantial part of the events or omissions giving rise to the claims occurred in Macon County, Illinois.

**ANSWER:       Upon information and believe, Defendant admits the allegations contained in paragraph 5.**

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6.       Defendant Heritage hired Plaintiff on or around May 13, 2024, into the position of full-time salaried Crisis Clinician.

**ANSWER:       Defendant admits the allegations contained in paragraph 6.**

7.       Throughout her tenure, Plaintiff consistently met or exceeded performance expectations.

**ANSWER:       Defendant denies the allegations contained in paragraph 7.**

8.       In December 2024, Plaintiff was diagnosed with Stage 4 metastatic cancer with bone involvement.

**ANSWER:       Defendant lacks knowledge sufficient to admit or deny the allegations contained in paragraph 8.**

9.       Despite this life-altering diagnosis, Plaintiff continued to perform her essential job duties and promptly disclosed her condition to Defendant.

**ANSWER:       Defendant admits that Plaintiff communicated an alleged condition to Defendant. Defendant lacks knowledge sufficient to admit or deny that Plaintiff's diagnosis was life-altering. Defendant denies the remaining allegations contained in paragraph 9.**

10.       In or around January 2025, anticipating that chemotherapy would leave her

2

immunocompromised and unable to safely enter hospitals, Plaintiff applied for an open remote call center position for which she was fully qualified.

**ANSWER:** **Defendant admits that Plaintiff applied for a remote call center position. Defendant lacks knowledge sufficient to admit or deny the remaining allegations contained in paragraph 10.**

11. Plaintiff requested a reasonable accommodation regarding the start time for this position (4:00 p.m. rather than 3:00 p.m.).

**ANSWER:** **Defendant admits that Plaintiff requested a different start time for the remote call center position to which she applied. Defendant denies the remaining allegations contained in paragraph 11.**

12. Defendant denied this position outright based solely on this one-hour difference, without making any effort to explore staggered hours or alternative arrangements.

**ANSWER:** **Defendant denies the allegations contained in paragraph 12.**

13. In February 2025, Plaintiff underwent surgery to stabilize a cancer-compromised femur and required a brief two-week recovery period.

**ANSWER:** **Defendant lacks knowledge sufficient to admit or deny the allegations contained in paragraph 13.**

14. Upon her return to work in or around March 2025, Plaintiff reiterated her need for accommodation to avoid high-risk hospital environments due to her compromised immune system.

**ANSWER:** **Defendant admits Plaintiff requested an accommodation regarding her job responsibilities. Defendant lacks knowledge sufficient to admit or deny the remaining allegations contained in paragraph 14.**

15. Rather than accommodating her in her existing salaried role or a comparable position, Defendant offered a rigid schedule consisting of mandatory weekend work (Saturday and Sunday) and demoted her from a salaried position to an hourly wage.

**ANSWER:** **Defendant denies the allegations contained in paragraph 15.**

16. When Plaintiff requested flexibility regarding this drastic change, she was denied.

**ANSWER:** **Defendant denies the allegations contained in paragraph 16.**

3

17.    These changes were a demotion and a material alteration of her employment terms, imposed shortly after she exercised her protected right to request accommodation.

**ANSWER:    Defendant denies the allegations contained in paragraph 17.**

18.    By refusing reasonable accommodations and offering only a demoted role with an untenable schedule, Defendant made Plaintiff's working conditions objectively intolerable, resulting in her constructive discharge.

**ANSWER:    Defendant denies the allegations contained in paragraph 18.**

19.    Plaintiff was forced to resign on or about May 29, 2025, to protect her health and well-being.

**ANSWER:    Defendant denies the allegations contained in paragraph 19.**

20.    Plaintiff has exhausted her administrative remedies having filed a Charge of Discrimination with the Illinois Department of Human Rights (IDHR Charge No. 2026SF0293) and the EEOC (EEOC Charge No. 21BA-2025-01471).

**ANSWER:    Defendant admits that Plaintiff filed a Charge of Discrimination. Defendant lacks knowledge sufficient to admit or deny the remaining allegations contained in paragraph 20.**

## COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT DISCRIMINATION AND FAILURE TO PROVIDE REASONABLE ACCOMMODATION

21.    Plaintiff re-alleges and incorporates paragraphs 1 through 20 of this Complaint as fully set forth herein this Count I.

**ANSWER:    Defendant repeats and realleges its answers to paragraphs 1-20 as if fully set forth herein.**

22.    Plaintiff had a disability (Stage 4 metastatic cancer) and was a qualified individual with a disability within the meaning of the ADA.

**ANSWER:    Defendant lacks knowledge sufficient to admit or deny the allegations contained in paragraph 22.**

4

23.    Defendant Heritage constructively discharged Plaintiff in violation of the protections afforded to Plaintiff under the applicable provisions of the ADA in one or more of the following ways:

- Refused to offer Plaintiff reasonable accommodations as requested by Plaintiff, including but not limited to, a transfer to a remote call center position with a modified start time;

- Refused to offer Plaintiff reasonable accommodations regarding her schedule upon her return from surgery in March 2025;

- Failed to meet its obligations with respect to engaging in the reasonable accommodation interactive process with Plaintiff;

- Constructively discharged Plaintiff's position with Defendant by forcing her into a demoted, hourly, weekend-only role that was objectively intolerable given her medical condition.

**ANSWER:**    **Defendant denies the allegations contained in paragraph 23.**

24.    Defendant Heritage's reasons for its actions were pretext for discrimination based on Plaintiff's disability.

**ANSWER:**    **Defendant denies the allegations contained in paragraph 24.**

25.    Defendant Heritage constructively discharged Plaintiff due to her disability in violation of the applicable provisions of the ADA.

**ANSWER:**    **Defendant denies the allegations contained in paragraph 25.**

26.    Prior and up to May 29, 2025, Plaintiff had been performing all of the essential functions of her job and was meeting Defendant's legitimate business expectations.

**ANSWER:**    **Defendant denies the allegations contained in paragraph 26.**

27.    At the time of Plaintiff's constructive discharge on or about May 29, 2025, Plaintiff

5

was capable of performing all of the essential functions of her job with reasonable accommodation by Defendant.

**ANSWER:** **Defendant lacks knowledge sufficient to admit or deny that Plaintiff was a qualified individual within the meaning of the ADA and therefore lacks knowledge sufficient to admit or deny that Plaintiff was capable of performing all of the essential functions of her job. Defendant denies the remaining allegations contained in paragraph 27.**

28.     Defendant further violated the ADA by retaliating against Plaintiff for requesting said accommodations. Specifically, Defendant demoted Plaintiff to an hourly wage and constructively discharged her in close temporal proximity to her protected requests.

**ANSWER:**     **Defendant denies the allegations contained in paragraph 28.**

29.     A causal connection exists between Plaintiff's protected activity and the adverse actions, as evidenced by the temporal proximity between her accommodation requests and the subsequent degradation of her employment status.

**ANSWER:**     **Defendant denies the allegations contained in paragraph 29.**

30.     Defendant Heritage's actions were intentional, willful, and done with reckless indifference to Plaintiff's protected rights.

**ANSWER:**     **Defendant denies the allegations contained in paragraph 30.**

31.     As a result of Defendant Heritage's actions in constructively discharging Plaintiff, Plaintiff has been damaged.

**ANSWER:**     **Defendant denies the allegations contained in paragraph 31.**

32.     Plaintiff's damages include but are not limited to, front pay, back pay, continued wage loss, loss of professional advancement (LCSW licensure), emotional suffering, attorney's fees and other compensatory damages.

**ANSWER:**     **Defendant denies the allegations contained in paragraph 32.**

33.     In addition, Plaintiff seeks punitive damages against Defendant Heritage for its

reckless indifference to Plaintiff's rights.

**ANSWER:** **Defendant admits that Plaintiff claims to seek an award of punitive damages. Defendant denies acting recklessly or causing any injury to Plaintiff.**

WHEREFORE, Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice.

## COUNT II - VIOLATION OF THE AMERICANS
## WITH DISABILITIES ACT - RETALIATION

34.    Plaintiff re-alleges and incorporates paragraphs 1 through 20 of this Complaint as fully set forth herein this Count II.

**ANSWER:** **Defendant repeats and realleges its answers to paragraphs 1-20 as if fully set forth herein.**

35.    Plaintiff engaged in the protected activity of requesting reasonable accommodations for her disability in January 2025 and March 2025.

**ANSWER:** **Defendant lacks knowledge whether Plaintiff was a qualified individual with a disability and therefore lacks knowledge as to whether Plaintiff engaged in a protected activity. Defendant denies that Plaintiff requested a reasonable accommodation.**

36.    Defendant Heritage retaliated against Plaintiff for requesting an accommodation under the ADA in one or more of the following ways:

-    Refused to transfer Plaintiff to an open position for which she was qualified;

-    Demoted Plaintiff from a salaried position to an hourly wage shortly after her accommodation request;

-    Imposed a rigid, untenable weekend-only schedule (8:00 a.m. to 8:00 p.m.) immediately following her request for flexibility;

-    Constructively discharged Plaintiff by making her working conditions intolerable.

**ANSWER:** **Defendant denies the allegations contained in paragraph 36.**

37.    A causal connection exists between Plaintiff's protected activity and the adverse

7

actions, as evidenced by the temporal proximity between her accommodation requests and the subsequent degradation of her employment status.

**ANSWER:  Defendant denies the allegations contained in paragraph 37.**

38.  Defendant Heritage's actions were willful, wanton, intentional, malicious, and with reckless disregard for the effect on Plaintiff.

**ANSWER:  Defendant denies the allegations contained in paragraph 38.**

39.  As a result of Defendant Heritage's actions, Plaintiff has been damaged.

**ANSWER:  Defendant denies the allegations contained in paragraph 39.**

WHEREFORE, Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice.

## DEFENDANT'S AFFIRMATIVE DEFENSES

NOW COMES, Defendant, by and through its attorneys, BORKAN & SCAHILL, LTD., and for its affirmative defenses to Plaintiff's Complaint states as follows:

## FIRST AFFIRMATIVE DEFENSE

1.  To the extent any injuries or damages caused by Defendant was proximately caused, in whole or in part, by negligent, willful, wanton and/or other wrongful conduct on the part of Plaintiff, any witness, and/or other party, any verdict or judgment obtained by Plaintiff must be reduced by an amount commensurate with the degree of fault attributed to Plaintiff and/or others.

WHEREFORE, Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice.

## SECOND AFFIRMATIVE DEFENSE

1.  To the extent Plaintiff failed to mitigate any of her claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff

has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

WHEREFORE, Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice.

### THIRD AFFIRMATIVE DEFENSE

1.      Plaintiff filed her Complaint on or about January 5, 2026. To the extent this was after any applicable statute of limitations for the claims Plaintiff made or will make in her Complaint or other pleading, Plaintiff's claims and allegations are untimely and must be barred.

2.      Plaintiff filed a Charge of Discrimination on or about September 2, 2025. To the extent this Charge of Discrimination was filed after the applicable statute of limitations for the allegations Plaintiff raises in her Charge of Discrimination, Plaintiff's claims and allegations are untimely and must be barred.

3.      No basis exists for tolling, delayed discovery, equitable estoppel, fraudulent concealment, minority, incapacity, or any other doctrine that would extend or suspend the applicable limitations period.

WHEREFORE, Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice.

### FOURTH AFFIRMATIVE DEFENSE

1.      Plaintiff made certain allegations in her Charge of Discrimination filed on September 2, 2025. To the extent Plaintiff makes any claim or allegation that was not included in the Charge of Discrimination and should have been, then Plaintiff failed to exhaust her administrative remedies and her claims or allegations must be barred.

WHEREFORE, Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice.

Respectfully submitted,

BORKAN & SCAHILL, LTD.

By :/s/   *Emily E. Schnidt*
　　　　 Emily E. Schnidt

Timothy P. Scahill
Steven B. Borkan
Emily E. Schnidt
Katherine E. Wilkie
BORKAN & SCAHILL, LTD.
Special Assistants Corporation Counsel
Two First National Plaza
20 South Clark Street Suite 1700
Chicago, Illinois 60603
(312) 580-1030
*Attorneys for Defendant*

10